NO. 12-09-00408-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MARK R. VICKERY,                                       §                   APPEAL
FROM THE 188TH

EXECUTIVE DIRECTOR OF  

THE TEXAS COMMISSION ON 

ENVIRONMENTAL QUALITY,

APPELLANT

                                                                          
§                   JUDICIAL DISTRICT COURT

V.

                        

C.M. STANLEY, JR.,            

APPELLEE                                                     
§                   GREGG COUNTY, TEXAS 







MEMORANDUM
OPINION

            This
is an interlocutory appeal from the denial of a state official’s plea to the
jurisdiction.[1]  C.M. Stanley, Jr. filed a
declaratory judgment action in a Gregg County district court against Mark R.
Vickery, Executive Director of the Texas Commission on Environmental Quality
(TCEQ), seeking a declaration that he is not the owner or operator of the underground
storage tank system on his land.  Vickery filed a plea to the jurisdiction
based on numerous grounds, which the trial court denied.  In three issues,
Vickery contends the trial court erred in determining that it has jurisdiction
over this suit.  We reverse and render.

 

Background

            Stanley
owns a tract of land in Gregg County and operated a small store on the property
from the 1950s until 1995.  At some point, A.B. Barfield Distributing, Inc., a
bulk petroleum distributor, installed an underground storage tank system on
Stanley’s property for the purpose of selling gasoline.  Barfield went out of
business, going into foreclosure in 1988, and finally dissolving in 1990. 
Barfield abandoned the storage tank system, and no gas was sold on Stanley’s property
after that.  Stanley closed his store in August 1995.  Beginning in 1995, the
Texas Natural Resources Conservation Commission, predecessor to TCEQ,
maintained that Stanley owned the storage tank system, was in violation of the
Texas Water Code and Texas Administrative Code, and owed an administrative
penalty.  In 2008, Vickery recommended that TCEQ order Stanley to pay an
administrative penalty and bring his facility into compliance with the water
code.  In March 2009, Stanley filed his declaratory judgment action in district
court in Gregg County and moved to abate the TCEQ enforcement proceeding during
the pendency of the district court declaratory judgment action.  The following
month, Vickery amended his petition, adding A.B. Barfield Distributing, Inc.,
Bowie County Distributing Company, Inc., and Arnold B. Barfield, Jr. as
respondents.  Thereafter, the enforcement proceeding was abated.  Stanley filed
an amended petition for declaratory judgment, again arguing that he did not own
the underground storage tanks.  Vickery filed his plea to the jurisdiction,
which was later denied.  This interlocutory appeal followed. 

 

Standard of Review

            Absent
a waiver of sovereign immunity, a state entity cannot be sued.[2]  See Tex. Dep’t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). 
Sovereign immunity from suit defeats a trial court’s subject matter
jurisdiction and is properly asserted in a plea to the jurisdiction.  Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225-26 (Tex.
2004).  A plea questioning the trial court’s jurisdiction raises a question of
law that we review de novo.  State v. Holland, 221 S.W.3d 639,
642 (Tex. 2007).  In reviewing a plea to the jurisdiction, we review the
pleadings and any evidence relevant to the jurisdictional issue.  Tex.
Dep’t of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).  

 

Ultra Vires Exception

            In
his first issue, Vickery contends that the trial court did not have
jurisdiction over Stanley’s declaratory judgment suit because, although Stanley
sued him for purported ultra vires acts, he did not allege any act that was, in
fact, ultra vires.  Therefore, he argues, sovereign immunity bars the suit.  

            Stanley
asserts that, in determining whether his suit falls within the ultra vires exception,
the focus is not whether Vickery was acting within his authority to enforce
existing state policy.  Instead, he argues, the focus should be on whether
Vickery was acting outside his authority when he determined that Stanley was
the owner of the underground storage tanks on Stanley’s land.

Applicable
Law

            The
Uniform Declaratory Judgment Act (UDJA) provides a procedural device for
deciding matters already within a court’s subject matter jurisdiction and does
not itself establish subject matter jurisdiction.  State v. Morales,
869 S.W.2d 941, 947 (Tex. 1994).  Further, the UDJA is not a general waiver of
sovereign immunity.  See State v. BP Am. Prod. Co., 290 S.W.3d
345, 360 (Tex. App.–Austin 2009, pet. filed).  Thus, it cannot be used as a
vehicle to obtain declarations having the effect of establishing a right to
relief against the state for which sovereign immunity has not been waived.  Id. 


There
is, however, an exception to sovereign immunity in cases where a party seeks
declaratory relief against state officials who allegedly act without legal or
statutory authority.  City of El Paso v. Heinrich, 284 S.W.3d
366, 370 (Tex. 2009). A party may employ a declaratory judgment action to
intervene in administrative proceedings when an agency is exercising authority
beyond its statutorily conferred powers.  Beacon Nat’l Ins. Co. v.
Montemayor, 86 S.W.3d 260, 267 (Tex. App.–Austin 2002, no pet.).  To
fall within this ultra vires exception, a suit must not complain of a
government officer’s exercise of discretion, but rather must allege, and
ultimately prove, that the officer acted without legal authority or failed to
perform a purely ministerial act.  Heinrich, 284 S.W.3d at 372. 
The basis of the ultra vires rule is that when a government official is not following
the law, his acts are not acts of the state, the suit is not an action against
the state, and immunity is therefore not implicated.  Id. at 370.

Analysis

            In
order to determine whether Vickery acted within his statutorily conferred
powers, we must look to the applicable statutes for the scope of his authorized
acts.  It is the policy of the state to maintain and protect the quality of
groundwater and surface water.  Tex.
Water Code Ann. § 26.341 (Vernon 2008).  Chapter 26 of the water code
governs water quality control.  See Tex.
Water Code Ann. §§ 26.001-.562 (Vernon 2008 & Supp. 2010).  TCEQ is
the principal authority in the state on matters relating to the quality of
water in the state and is responsible for setting water quality standards.  Tex. Water Code Ann. §§ 26.023, 26.127
(Vernon 2008).  In furtherance of the state policy, TCEQ may develop a
regulatory program regarding underground and above ground storage tanks in
accordance with Chapter 26, Subchapter I of the water code.  Tex. Water Code Ann. § 26.345 (Vernon
2008).  TCEQ or its executive director may institute legal proceedings to
compel compliance with provisions of the Texas Water Code.  Tex. Water Code Ann. § 7.002 (Vernon
Supp. 2010).  

            Owners
and operators of underground storage tank systems are responsible for
violations of the statutes regulating those systems.  See Tex. Water Code Ann. §§ 7.156, 26.3467,
26.3475, 26.3512 (Vernon 2008).  Section 26.342 of the water code provides that
an “owner” is a person who holds legal possession or ownership of an interest
in an underground storage tank system.  Tex.
Water Code Ann. § 26.342(9) (Vernon 2008).  If the actual ownership of
an underground storage tank system is uncertain, unknown, or in dispute, the
fee simple owner of the surface estate of the tract on which the tank system is
located is considered the owner of the system unless that person can
demonstrate by legally acceptable means that the tank system is owned by another. 
Id.  “Operator” means a person in day-to-day control of and
having responsibility for the daily operation of the underground storage tank
system.  Tex. Water Code Ann. §
26.342(8) (Vernon 2008).  

            Stanley
has always maintained that he is not the owner of the tanks on his property,
and he contends that Vickery was acting outside his authority by determining
that Stanley was the owner.  While we recognize the negative impact on one in
Stanley’s position, we do not agree that the issue before us turns on the
question of whether Stanley actually is the owner of the tanks.  When Vickery
named Stanley as the respondent in the enforcement action, he did not
“determine” that Stanley was the owner.  Vickery merely alleged that
Stanley was the owner.  The water code authorizes Vickery to use his
prosecutorial discretion to pursue enforcement actions against “owners” as that
term is defined in the statute.  Because the tanks are on Stanley’s land and he
therefore holds legal possession of the tanks, Stanley falls within the water
code’s definition of “owner.”  See Tex.
Water Code Ann. § 26.342(9).  Further, Vickery contends Stanley is the
owner while Stanley claims he is not, placing ownership in dispute.  Therefore,
under the statutory definition of “owner,” Stanley, as the fee simple owner of
the surface estate on which the tank system is located, is considered the owner
of the system until he can prove otherwise.  Id.  Finally, as
operator of the store and gas station, Stanley had day-to-day control of the
tank system.  See Tex. Water Code
Ann. § 26.342(8).  Pursuant to the powers conferred on him by the water
code, Vickery was authorized to allege that Stanley was the owner of the
storage tanks without first proving ownership.

            Under
these facts, Vickery had the discretion to file enforcement proceedings against
Stanley concerning the underground storage tanks on his land.  Because Vickery
had legal authority to do so, he did not commit an ultra vires act when he
alleged that Stanley is the owner of the underground storage tanks on his land
and attempted to enforce the provisions of Chapter 26.  See Heinrich,
284 S.W.3d at 372; Montemayor, 86 S.W.3d at 267.  In the absence
of an ultra vires act, Vickery enjoys sovereign immunity.  See Jones,
8 S.W.3d at 638.  Therefore, the trial court should have granted Vickery’s plea
to the jurisdiction.  See Miranda, 133 S.W.3d at 225-26.  We
sustain Vickery’s first issue.

  

Exclusive Jurisdiction

In
his second issue, Vickery contends the trial court lacks jurisdiction based on
several different theories, including the doctrine of exclusive jurisdiction. 
Specifically, he asserts that TCEQ has, pursuant to a pervasive regulatory
scheme, exclusive jurisdiction of the regulation of underground storage tanks. 


Applicable
Law

            We
presume that district courts are authorized to resolve disputes unless the constitution
or other law conveys exclusive jurisdiction on another court or administrative
agency.  In re Entergy Corp., 142 S.W.3d 316, 322 (Tex. 2004)
(orig. proceeding).  The UDJA cannot be invoked when it would interfere with
some other entity’s exclusive jurisdiction.  MBM Fin. Corp. v. Woodlands
Operating Co., L.P., 292 S.W.3d 660, 669 (Tex. 2009).  An agency has
exclusive jurisdiction when a pervasive regulatory scheme indicates that the
legislature intended for the regulatory process to be the exclusive means of
remedying the problem to which the regulation is addressed.  Subaru of
Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex.
2002).  Whether an agency has exclusive jurisdiction is a matter of law that we
review de novo by examination and construction of the relevant statutory
scheme.  Id. at 221-22.  If an agency has exclusive jurisdiction
to resolve a dispute, a party must first exhaust administrative remedies before
a trial court has subject matter jurisdiction.  Id. at 221.

            As
explained above, TCEQ is authorized to develop a regulatory program regarding
underground storage tanks and may institute legal proceedings to compel
compliance with the water code.  See Tex.
Water Code ann. §§ 7.002, 26.345.  Furthermore, it may hold hearings,
receive evidence, make decisions, and issue orders to administer the provisions
of and to effectuate the purposes of Chapter 26.  Tex. Water Code ann. §§ 26.019, 26.020 (Vernon 2008). 
Finally, TCEQ may assess an administrative penalty against a person who
violates a provision of the water code.  Tex.
Water Code Ann. § 7.051(a) (Vernon 2008).

Analysis

The
water code provides a comprehensive plan for regulation of storage tanks to
address the issue of possible groundwater contamination.  Moreover, Chapter 26
of the water code constitutes a comprehensive scheme intended by the
legislature to be the exclusive means of remedying the problem of contamination
of ground water by use of underground storage tanks, and TCEQ has exclusive
jurisdiction over compliance with that chapter.  See Subaru of Am., Inc.,
84 S.W.3d at 221.  Therefore, Stanley cannot invoke the UDJA because it would
interfere with TCEQ’s exclusive jurisdiction.  See MBM Fin. Corp.,
292 S.W.3d at 669.  The issue of whether Stanley is actually the owner of the
tanks is properly determined through the administrative process as provided for
in the water code.  A person who has exhausted all administrative remedies
available within a state agency and who is aggrieved by a final decision in a
contested case is entitled to judicial review.  Tex. Gov. Code Ann. § 2001.171 (Vernon 2008); Tex. Water Code Ann. § 7.064 (Vernon
2008).  Thus, Stanley must first exhaust his administrative remedies through
the enforcement proceeding initiated by Vickery and TCEQ before a trial court
has subject matter jurisdiction.  See Subaru of Am., Inc., 84
S.W.3d at 221.  We sustain Vickery’s second issue to the extent he relies on
the doctrine of exclusive jurisdiction.  We need not address the remainder of
Vickery’s arguments in his second issue or his third issue.  See Tex. R. App. P. 47.1.

 

Conclusion

            Vickery,
by applying the statutory definition of “owner,” was authorized to file
enforcement proceedings against Stanley.  Therefore, Vickery did not engage in
an ultra vires act.  Because the suit does not fall within the ultra vires
exception, Vickery is shielded from suit by sovereign immunity.  Therefore, the
trial court did not have subject matter jurisdiction. Further, TCEQ has
exclusive jurisdiction over the subject matter of this suit.

            We reverse
the trial court’s judgment and dismiss this cause with
prejudice.  See Harris County v. Sykes, 136 S.W.3d 635,
640-41 (Tex. 2004).

 

 

                                                                                                Brian Hoyle

                                                                                                         
Justice   

 

 

 

Opinion delivered November 17, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









                [1]
See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(8) (Vernon 2008). 





                [2]
Stanley’s petition names “Mark R. Vickery, Executive Director of the Texas
Commission on Environmental Quality” as the defendant. A suit against a state
official in his official capacity actually seeks to impose liability against
the governmental unit and is, in all respects other than the name, a suit
against the entity.  See Tex. A & M Univ. Sys. v. Koseoglu,
233 S.W.3d 835, 844 (Tex. 2007).